IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

PRAMCO CV7, LLC,

    Plaintiff,

    v.

E & C COMPUTERS, INC., et al.,

    Defendants.

CIVIL NO. 08-1222(RLA)

**ORDER DENYING RULE 56(f) REQUEST
AND SETTING DEADLINE FOR RESPONDING
TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

    Codefendants EMILIO JOSE RODRIGUEZ JARABO and his wife, SONIA TERESA SANTOS MIRABAL, have petitioned the court for additional time to conduct discovery in these proceedings in order to respond to the outstanding summary judgment request filed by plaintiff. Plaintiff has opposed the motion under our consideration adducing that it does not meet the requirements of Rule 56(f) Fed. R. Civ. P.

**RULE 56(f)**

    Parties wishing to conduct discovery prior to responding to summary judgment requests must comply with the provisions of Rule 56(f) Fed. R. Civ. P. which reads:

> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may ... order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had....

**CIVIL NO. 08-1222 (RLA)**                                                            **Page 2**

Plaintiff objected to defendants' request pointing to a procedural deficiency in that the Rule 56(f) petition was not presented via an affidavit. Additionally respondent argues that defendants were not diligent in their discovery efforts nor did they adequately proffer the need for discovery at this time.

It has been held that a sworn statement in support of a Rule 56(f) request is not indispensable provided that the "statement... [is] made, if not by affidavit, then in some authoritative manner - say, by the party under penalty of perjury or by written representations of counsel subject to the strictures of Fed. R. Civ. P. 11". Vargas-Ruiz v. Golden Arch Dev., Inc., 368 F.3d 1, 4 (1st Cir. 2004) (*citing* Paterson-Leitch co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985, 988 (1st Cir. 1988)). *See also*, Velez v. Awning Windows, Inc., 375 F.3d 35, 40 (1st Cir. 2004).

"To benefit from the protections of Rule 56(f), a litigant ordinarily must furnish the *nisi prius* court with a timely statement - if not by affidavit, then in some other authoritative manner that (I) explains his or her current inability to adduce the facts essential to filing an opposition, (ii) provides a plausible basis for believing that the sought-after facts can be assembled within a reasonable time, and (iii) indicates how those factors would influence the outcome of the pending summary judgment motion." Velez, 375 F.3d at 40. *See also*, Hernandez-Santiago v. Ecolab, Inc., 397 F.3d 30, 34-35 (1st Cir. 2005) (need to identify discovery demanded and explain its relevancy).

**CIVIL NO. 08-1222 (RLA)**                                                                 **Page 3**

The rule requires petitioner to identify for the court the particular discovery it wishes to conduct as well as present credible grounds to conclude that the information sought, if available, would prove crucial in contesting material facts propounded by the summary judgment proponent. "[T]he requested discovery [must] be capable of influencing the outcome of the motion for summary judgment." Adorno v. Crowley Towing and Transp. Co., 443 F.3d 122, 128 (1st Cir. 2006). "[T]he moving papers must contain a proffer which, at a bare minimum, articulates a plausible basis for the movant's belief that previously undisclosed or undocumented facts exist, that those facts can be secured by further discovery, and that, if obtained, there is some credible prospect that the new evidence will create a trialworthy issue." Mass. School of Law at Andover, Inc. v. Am. Bar Ass'n, 142 F.3d 26, 44 (1st Cir. 1998).

Central to this rule's applicability is the proponent's due diligence in the judicial proceedings. Dennis v. Osram Sylvania, Inc., 549 F.3d 851, 860 (1st Cir. 2008); Rivera-Torres v. Rey-Hernandez, 502 F.3d 7, 11 (1st Cir. 2007); Ayala-Gerena v. Bristol Myers-Squibb Co., 95 F.3d 86, 93 (1st Cir. 1996). "To savor the balm of Rule 56(f), a party must act in a timely fashion." Mass. Sch. of Law, 142 F.3d at 44. Additionally, "the motion must set forth good cause to explain the movant's failure to have conducted the desired discovery at an earlier date." *Id.*

**CIVIL NO. 08-1222 (RLA)**                                                    **Page 4**

### THE CASE

This is a mortgage foreclosure action instituted against E&C COMPUTERS, INC., EMILIO JOSE RODRIGUEZ JARABO and his wife, SONIA TERESA SANTOS MIRABAL, and SANTIAGO LEVY TORRES and his spouse, SANDRA SOFIA LOUBRIEL MENDEZARE. The underlying loan, as well as other non-related loans were purchased by plaintiff from SCOTIABANK DE PUERTO RICO ("SCOTIABANK"). The individual defendants entered into a repayment agreement with SCOTIABANK whereby they secured payment thereof with their respective properties and personal guarantees. According to plaintiff, defendants failed to meet their payment obligations which, as of January 22, 2008, totaled $695,004.14 in principal, plus interest accrued, plus disbursements made by plaintiff.

Since their initial request for additional time to respond to plaintiff's motion for summary judgment filed on November 3, 2008 (docket No. 39) the RODRIGUEZ-SANTOS defendants pointed out the need for disclosure of information and for production of documents.[1] Information regarding the defendant corporation was also critical to the settlement negotiation process between the parties which did not yield the expected results.[2]

---

[1] See Motion for Extension of Time (docket No. 43).

[2] See Second Motion for Extension of Time filed by codefendants RODRIGUEZ-SANTOS (docket No. 50) making reference to the Second Motion for Extension of Time filed by E&C COMPUTERS, INC. (docket No. 46) which reads as follows:

**CIVIL NO. 08-1222 (RLA)**                                                                 **Page 5**

It appears from the record that the RODRIGUEZ-SANTOS defendants have encountered difficulties in obtaining access to the corporate documents of E&C COMPUTERS, INC.[3] According to the LEVY-LOUBRIEL defendants, "until just this week [January 16, 2009], the owner of the premises where the [corporate] documents are stored was denying access to Mr. Levis to retrieve them. That changed this week, however, upon the premises' owner changing his mind after retaining new counsel."[4]

We surmise that this hurdle has been cleared because no mention of discovery regarding the corporate records was mentioned in petitioners' most recent request for additional time to respond. Rather, the RODRIGUEZ-SANTOS defendants argue that inasmuch as plaintiff was not the original lending institution they wish to ascertain information related to the claim and in particular how the

---

4. After the extensions were granted by this Court, Defendants met with plaintiff's counsel to discuss all possible alternatives of settlement in the present case. In that meeting, plaintiff's counsel requested some documents to be able to discuss with his client a settlement proposal.

5. Mr. Santiago Levy sent some of the information requested by plaintiff and is the process of gathering some of additional data requested to E & C Computers.

[3] See, *i.e.*, Motion for Additional Extension of Time (docket No. 52) and Emergency Motion as to Response (docket No. 56) pointing out their futile efforts to obtain these documents from the LEVY-LOUBRIEL defendants.

[4] Motion Requesting Additional Time filed by LEVY-LOUBRIEL (docket No. 53).

**CIVIL NO. 08-1222 (RLA)** **Page 6**

amounts claimed were computed. In this regard they have moved the court to instruct plaintiff to make the initial disclosures provided in Rule 26(a)(1) Fed. R. Civ. P. and depending on the information provided, that they be allowed to conduct additional discovery.

We must note that no formal discovery request was served by petitioners on any of the parties to this suit. Further, we find that the justification proffered for Rule 26(a)(1) disclosures with the undefined prospect of additional discovery is too vague to comply with the Rule 56(f) strictures which mandates that the proponent "articulate some plausible basis to support a belief that discoverable material exists which, if available, would suffice to raise a trialworthy issue." Filiatrault v. Comverse Technology, Inc., 275 F.3d 131, 138 (1st Cir. 2001).

> Rule 56(f) is not available merely for the asking. A litigant who seeks to invoke the rule must act with due diligence to show that his predicament fits within its confines. To that end, the litigant must submit to the trial court an affidavit or other authoritative document showing (i) good cause for his inability to have discovered or marshalled the necessary facts earlier in the proceedings; (ii) a plausible basis for believing that additional facts probably exist and can be retrieved within a reasonable time; and (iii) an explanation of how these

**CIVIL NO. 08-1222 (RLA)** **Page 7**

facts, if collected, will suffice to defeat the pending summary judgment motion. Rivera-Torres, 502 F.3d at 10; Adorno v. Crowley Towing and Transp. Co., 443 F.3d 122, 127 (1st Cir. 2006); Fennell v. First Step Designs, Ltd., 83 F.3d 526, 531 (1st Cir. 1996).

Based on the foregoing, we agree with plaintiff's position that additional time to conduct discovery prior to responding to the outstanding summary judgment is not warranted in this case under the provisions of Rule 56(f).

Accordingly, the Emergency Motion as to Response to Motion for Summary Judgment filed by the RODRIGUEZ-SANTOS defendants (docket No. **56**) is **DENIED**.[5] Defendants[6] shall respond to plaintiff's Motion for Summary Judgment **on or before March 3, 2009.**

IT IS SO ORDERED.

San Juan, Puerto Rico, this 12th day of February, 2009.

                                              S/Raymond L. Acosta
                                              RAYMOND L. ACOSTA
                                          United States District Judge

---

[5] See Opposition (docket No. **59**). Defendants' Leave to Reply (docket No. **60**) and plaintiff's Motion Requesting Leave to Submit Brief Surreply (docket No. **61**) are **GRANTED.**

[6] It must be noted that only the RODRIGUEZ-SANTOS defendants moved for relief under Rule 56(f). Responses to the summary judgment request by all other defendants were due on February 10, 2008. See Order Extending Term for Defendants to Respond to Plaintiff's Motion for Summary Judgment (docket No. 55).